**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Eugene ROBERTSON, Defendant-Appellant.**

**No. 73-1049**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 26, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Charles L. Ruffner, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

On January 11, 1972, defendant-appellant Donald Eugene Robertson (taxpayer) was charged with using a communication facility to facilitate the importation of a controlled substance into the United States in violation of Title 21, U.S.C., Section 843(b). On January 25,

1972, taxpayer entered a plea of guilty to the charge and was sentenced to three years probation and a fine of $9,350. Subsequent thereto, in July 1972, taxpayer filed a petition in the court below requesting specific performance of the negotiated agreement which led to his plea of guilty. The district court denied relief. We affirm.

At the time of his arrest, taxpayer was in possession of approximately $40,000, which he gave in trust to his attorney Theodore Klein. After inconclusive negotiations between Klein and the U. S. Attorney's Office, the United States filed a condemnation libel against that money. United States of America v. A Certain Quantity of United States Currency (Case No. 72–98–Civ–CF below). The parties then entered into a compromise settlement whereby the taxpayer agreed to pay $9,350 for termination of the libel action. The United States Department of Justice, however, questioned the legal basis for its filing a libel action in the circumstances of that case, so to avoid any procedural difficulties the parties then agreed that $9,350 would be paid as a stipulated fine as part of the taxpayer's sentence in the § 843(b) criminal case in the district court. The pertinent part of the Stipulation, Settlement Agreement and General Release which the Assistant United States Attorney signed on behalf of the government provided that in consideration of the $9,350 which taxpayer was to pay,

"\* \* \* the plaintiff THE UNITED STATES OF AMERICA hereby releases, acquits and forever discharges the said claimant DONALD ROBERTSON of and from any and all manner of action and actions, cause and causes of action, claims, suits, debts, dues, sums of money, accounts, and demands whatsoever in law or in equity, which THE UNITED STATES OF AMERICA or any of its agencies ever had, now has, shall or may have against the claimant DONALD ROBERTSON for, upon or

by reason of any matter, cause or thing whatsoever relating to any United States Currency which may be presently held by Theodore Klein, as escrow agent for the claimant DONALD ROBERTSON and more specifically relating to such currency adverted to in the law suit styled UNITED STATES OF AMERICA vs. A CERTAIN QUANTITY OF UNITED STATES CURRENCY, Case No. 72–98–CIV–CF presently pending in the United States District Court for the Southern District of Florida.

Upon execution of this Stipulation, General Release and Settlement Agreement, and upon payment in hand to the UNITED STATES OF AMERICA the sum of Nine Thousand Three Hundred Fifty Dollars ($9350) the parties further agree that the cause styled UNITED STATES OF AMERICA vs. A CERTAIN QUANTITY OF UNITED STATES CURRENCY, Case No. 72–98–CIV–CF shall be dismissed with prejudice."

Shortly after the sentence was entered and the $9,350 fine paid, the District Director of the Internal Revenue Service filed a jeopardy assessment against taxpayer for $117,391.38 for Federal income taxes claimed to be due for the year 1971, of which $77,966.85 remains outstanding. By his petition below taxpayer complained that the assessment was in breach of the Stipulation, Settlement Agreement and General Release and sought to have that agreement specifically performed by restraining the assessment and collection of the assessed income tax deficiency.

The taxpayer argued and the district court found, that the stipulation constituted a very broad release on the part of the government. We agree. Nonetheless, that release specifically referred to "any United States Currency which may be presently held by Theodore Klein, as escrow agent for the claimant Donald Robertson and more specifically relating to such currency adverted to in the law suit styled UNITED STATES OF AMERICA vs. A CERTAIN QUANTITY OF UNITED STATES CURRENCY, Case No. 72–98–CIV–CF presently pending in the United States District Court for the Southern District of Florida" and concluded with the dismissal with prejudice of the cause styled "UNITED STATES OF AMERICA vs. A CERTAIN QUANTITY OF UNITED STATES CURRENCY, Case No. 72–98–CIV–CF." Thus the release was specifically limited to the fund referred to above. Its subject was further precisely defined by reference by style and number to the libel action against the $40,000 held in trust by taxpayer's attorney, Klein.

The stipulation, then, had no bearing upon any claims unrelated to the $40,000 held in trust by Mr. Klein. It did not cover any other funds of taxpayer, earned from his smuggling operations or elsewhere. As the district court found:

The Internal Revenue Service has given [taxpayer] a credit for tax liabilities on that fund and is therefor apparently honoring the settlement agreement. There was no agreement relating to tax liabilities presented to this [c]ourt in Robertson's criminal prosecution . . .

The agreement is unambiguous on its face and, for that reason, additional testimony would not avail to alter its clear meaning. See e. g. Commissioner v. Danielson, 3 Cir. 1967, 378 F.2d 771, 778–779, cert. denied 389 U.S. 858, 88 S.Ct. 94, 19 L.Ed.2d 123.

An alternative ground of affirmance is urged by the appellee: in the absence of a referral of the taxpayer's civil liability to the Department of Justice, the Assistant State Attorney who signed the stipulation lacked authority to bind the Internal Revenue Service. We pretermit discussion of this contention as we find it unnecessary to reach it.

Affirmed.